UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARY TURNEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.  1:13-CV-3 |
| | ) |
| GENERAL MOTORS, LLC, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant General Motor's ("GM") Unopposed Motion for Protective Order. (Docket # 22.) Because the Proposed Protective Order is deficient in several ways, it will be DENIED.

First, the Proposed Protective Order's definition of "Confidential" documents is impermissibly broad. It allows GM to designate as "Confidential" any "[i]nformation or records from the personnel file of any current or former employee of GM, or from any other file that names or otherwise identifies any applicant or current or former employee of GM, or any contract to which GM is a party, or in any way relating to any such contract, and the parties' confidential financial or proprietary records or information, as well as all protected health information produced by or regarding [P]laintiff." (Proposed Protective Order. ¶ 1.)

Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and

vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). Here, GM fails to formulate narrow, demarcated categories of legitimately confidential information and instead advances a vague, over-inclusive definition of "Confidential" that relies upon oblique terms such as "confidential" or "proprietary."

For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury–business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Cook*, 206 F.R.D. at 248-49. Just because a party does not generally release certain information to the public does not necessarily mean that the release of such information will rise to the level of causing competitive harm or creating a competitive advantage for others. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Furthermore, "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc*., No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). For example, "there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id.*; *see also Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005).

In addition, the proposed Order seeks to protect entire documents, rather than just protecting the actual confidential material through a method of redaction. *See Cincinnati*

2

*Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Finally, *Cincinnati Insurance* specifies that protective orders may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." 178 F.3d at 946. Here, the proposed order does not contain such language.

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945. That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property . . . ." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. For these reasons, the Court DENIES approval of the Proposed Protective Order submitted by GM. The parties may, however, submit a revised

protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law.

SO ORDERED.

Enter for this 28th day of October, 2013.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge