UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARY TURNEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   CAUSE NO.  1:13-CV-3 |
| | ) |
| GENERAL MOTORS, LLC, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Before the Court is an Amended Unopposed Motion for Protective Order (Docket # 25) filed by Defendant, seeking approval of a revised proposed protective order.  The revised proposed order, however, is still inadequate in several ways.

The order's definition of "Confidential" continues to be impermissibly broad.  It allows parties to designate as "Confidential":

    (a)    certain non-party personnel information, including compensation information, home addresses and telephone numbers, dates of birth, and social security numbers;

    (b)    non-public financial and business strategy information that would threaten competitive injury if disclosed; and

    (c)    information regarding internal complaints by non-parties.

(Proposed Protective Order ¶ 1.)

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown.  Under *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999)*,* a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information."

Here, the use of the phrase "financial and business strategy information" in the definition of "Confidential" is rather oblique, and the qualifier of "non-public" is too vague. *See Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001).

> If [non-public] means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . .  If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available.  They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Id.*  That is, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).  And Defendant also fails to explain what "information regarding internal complaints by non-parties" pertains to and why such information must be kept secret.

Moreover, as explained in the Court's October 28, 2013, Order (Docket # 23), not all information in an employee's personnel file is considered private. *See Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006); *Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. Oct. 31, 2005).  For example, "there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Little*, 2006 WL 1554317, at *4*.*  Here, Defendant's use of the term "certain" with respect to non-party personnel information is vague and could result in the Defendant sealing more of a personnel file than is necessary. *See, e.g.*, *id.*; *Smith*, 2005 WL 3215572, at *2.

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Ins. Co.,* 178 F.3d at 945.  That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).  Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

For these reasons, the Court DENIES approval of the Amended Proposed Motion for Protective Order. (Docket # 25.)  Defendant may, however, submit a revised protective order that cures the foregoing deficiencies and is consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law.

SO ORDERED.

Enter for this 21st day of November, 2013.

                                                S/ Roger B. Cosbey
                                                Roger B. Cosbey,
                                                United States Magistrate Judge